IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01637-BNB

WALTER LEE GILBERT,

    Applicant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Walter Lee Gilbert, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum. He filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) on August 1, 2012. He has paid the $5.00 filing fee for a habeas corpus action.

    The Court must construe the habeas corpus application liberally because Mr. Gilbert is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

    In the application, which is verbose and generally unintelligible, Mr. Gilbert asserts as his first claim that he is a "vessel" over which the Court has exercised "admiralty jurisdiction" by placing a "maritime lien" against him in order to keep him in

custody.  ECF No. 7 at 11.  In his second claim, he apparently alleges that the Court lacks either actual or constructive possession over him, and in his third claim he asserts this case is moot because it fails to present an actual case or controversy.  Documents interspersed throughout the application, e.g., extrajudicial killing, affidavits for oath of renunciation and certificate of death, warrant for removal, and memorandum of record, fail to clarify Mr. Gilbert's individual claims.

In the "Extrajudicial Killing" Mr. Gilbert alleges that the federal government "has knowingly used the 'color of law' in acts of extrajudicial killing, by torture of the applicant herein, causing the sovereign Walter Lee Gilbert to be bound by a political, spiritual, and economical question within a democratic form of government."  *Id.* at 4.  He purports to renounce his United States citizenship in the "Affidavit for Oath of Renunciation," *id.* at 5, and, in the "Affidavit for Certificate of Death," he purports to announce his death by declaring, *inter alia*, that the "artificial person, strawman corporation, moral person, body politic, vessel Walter Lee Gilbert [is] dissolved nunc pro tunc to the date of birth."  *Id.* at 6.  The application is similarly bizarre throughout.    As relief, Mr. Gilbert seeks a "Warrant for Removal," *id.* at 7-10, to the State of Mississippi.  *Id.* at 9.

Mr. Gilbert's attempts to effect his release from the custody of the BOP by alleging that he has relinquished his United States citizenship or by declaring himself dead are legally frivolous.  Mr. Gilbert is entitled to no relief on his claims as a matter of law.  A claim is frivolous if it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed.  *Id.* at 327.  In addition, a claim is factually frivolous if it depicts "fantastic or

2

delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief.  *See* Rule 4.  Rule 4 has also been found to permit *sua sponte* dismissal of a habeas petition that raises legally frivolous claims or factual allegations that are palpably incredible or false.  *See, e.g., Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition "to state facts that point to a real possibility of a constitutional error"); *see also Montero v. Bush*, 107 Fed. App'x 180, 181 (10th Cir. Aug. 11, 2004) (unpublished opinion) (dismissing a petition brought pursuant to § 2241 as "fantastic[,] delusional and factually frivolous.").  The Court finds that Mr. Gilbert's claims rest on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.

      The Court also finds that Mr. Gilbert's apparent challenge to his criminal conviction based upon admiralty jurisdiction rests on an "indisputably meritless legal theory."  *Id.*  Admiralty jurisdiction is limited to torts that take place on navigable waters and arise in the course of traditional maritime activities.  *See, e.g.*, *Petersen v. C & O Ry. Co.*, 784 F.2d 732, 736 (6th Cir. 1986).  Moreover, similar claims based upon admiralty jurisdiction have been routinely stricken or dismissed by other courts as frivolous and legally unenforceable.  *See, e.g.*, *Smith v. Mpire Holdings, LLC*, 2010 WL 455271, at *2 (M.D. Tenn. Feb. 1, 2010) (unpublished decision) (collecting cases in which the courts dismissed filings based on admiralty jurisdiction as frivolous).  Therefore, the application will be denied and the action dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Gilbert files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2241 is denied and the action dismissed as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  10th  day of    August        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court